## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ERROL LEROY LEWIS,                    :

                Plaintiff,     :

    v.                                :     CIVIL ACTION NO. L-06-724

                              :

DRUG ENFORCEMENT                      :
ADMINISTRATION                        :

                Respondent.    :

### MEMORANDUM

Pending is a pro se motion to return $164, 610 in United States currency pursuant to Rule

60(b)(4) of the Federal Rules of Criminal Procedure filed by Errol Leroy Lewis (Lewis).[1]  Lewis

claims that he was provided improper notice of forfeiture. Notwithstanding the title Lewis

assigns to his pleading, this matter is more appropriately construed as an equitable challenge to

administrative forfeiture, and will be so considered.  The government has filed a Motion to

Dismiss or for Summary Judgment arguing in the alternative that this action is barred by the

statute of limitations, or that  proper notice of the forfeiture was provided. The Court will

GRANT the Motion to Dismiss this action as time-barred.

**I.  Factual Background**

On October 1, 1996, Baltimore County detectives, who were investigating Lewis for drug

trafficking, seized $164, 610 in currency from a safe deposit box at the Nationsbank branch at

6538 Reisterstown Road, Baltimore, MD.   The box was registered to "Andrew Campbell."

Andrew Campbell is one of Lewis's aliases. Lewis was a fugitive until his arrest more than seven

---

[1] Lewis pleaded guilty to conspiracy to distribute and possess with intent to distribute
marijuana, in violation of 21 U.S.C. §846, and was sentenced to ninety-six months incarceration.
See United States v. Gordon, et al., Criminal Action No. L-96-484 (D. Md). He is an inmate at
the Northeast Ohio Correctional Center.

C/M CHAMBERS    5-23-07

years later on November 14, 2003.[2]

After seizing the currency, the Drug Enforcement Administration (DEA) initiated

forfeiture proceedings, and sent notices addressed to Lewis and as well as to his various aliases

on February 18, 1997.[3]  On or about March 27, 1997, the DEA unsuccessfully attempted to locate

additional addresses under Lewis's aliases.[4]   The DEA also sent notices to Lewis in care of his

attorney, Lawrence Rosenberg, Esq.,  the Nationsbank branch where the safe deposit was located,

and Querida Lewis, who is believed to be Lewis's wife.  Notice was also published in the USA

TODAY once each week for three successive weeks on February 26, March 5, and March 12,

1997.  The currency was forfeited on May 23, 1997.[5]

## II.  Statute of Limitations

The forfeiture proceeding in this case was completed prior to the effective date of the

Civil Asset Forfeiture Reform Act (CAFRA), and the six-year statute of limitations applicable to

---

[2] Gov't Response, p. 3.

[3] Notice was sent to Lewis at:1)  31 Ewing Drive, Reisterstown, MD, 21136; 2) 31 Ervine
Drive, Reisterstown, Maryland, 21136; 3) 25 Falls Chapel Way, Reisterstown, MD 21136;
4) 3010  Ridgewood Avenue, #208, Baltimore, MD 21216; 5) 18 Walden Pine Court, Baltimore,
MD 21207; 600 Reisterstown Road, Ste LB2, Pikesville, MD 21208; 16 Hardwood Drive,
Baltimore, MD 21237; and c/o Robert B. Rosenberg, Esq., Lewis's attorney at 200 E. Lexington
St. Ste 909, Baltimore, Maryland 21202. An individual signed the "agent" block, and accepted
delivery of the notice sent to counsel on February 21, 1997.  Notice was sent to Lewis under his
aliases "Campbell,  Andrew Robert aka Campbell, Drew ada Campbell, Andre aka Lewis, Errol"
to 31 Ewing Drive, Reisterstown, Md. 2113 6 and 3314 Rogers Ave., Baltimore MD 21215.
Notice was also sent to Nationsbank, 6538 Reisterstown Road, Baltimore, MD 21215.  On
February 21, 1997, an individual signing the "agent" block, and accepted delivery of the notice
sent to the bank.  Additionally, the DEA sent notices of forfeiture to Querida Lewis. Gov't Ex. 1-
23.

[4] Declaration of John Hieronymus, p. 6, ¶(n).

[5] Gov't Ex. 24.

equitable challenges to forfeiture prior to CAFRA will be applied here.[6]   See 28 U.S.C.

§2401(a); United States v. Minor, 228 F.3d 352, 359 (4th Cir. 2000).[7]  Lewis filed this motion to

return property on December 12, 2005, more than eight years after the currency was forfeited.[8]

As such, this motion was filed beyond the limitations period and is time-barred.[9]

---

[6] CAFRA, codified at 18 U.S.C. § 981 et seq. is the exclusive remedy for motions seeking to set aside a declaration of forfeiture and applies a five-year statute of limitations. See 18 U.S.C. §§ 983 (e)(5) and (e)(3). CAFRA took effect on August 25, 2000, and the government argues that it applies here because the instant motion was filed after the law went into effect. There is disagreement as to whether CAFRA applies to forfeiture proceedings commenced before that date. See e.g. United States v. Duke, 229 F.3d 627 (7th Cir. 2000); United States v. Portrait of Wally, 2002 WL 553532 (S.D. N.Y. 2002); Jacobs v. United States 2002 WL 31386533; Rohlsen v. DEA Atlanta Airport Task Force, 2005 WL 878573 at *5. This Court is unaware of any Fourth Circuit precedent addressing the question. Under either a five-year or six-year statute of limitations analysis, the motion is untimely.

[7] Lewis styles this a Rule 60(b)(4) motion for relief from final judgment because the "judgment is void." Fed. R. Civ. P 60(b)(4). Claims under Rule 60(b)(4) must be made "within a reasonable time." Apart from the fact that he was a fugitive from justice, Lewis fails to provide any credible reason as to why he filed this action more than eight years after the forfeiture.

[8] Were the motion timely, the notice provided was "reasonably calculated, under all the circumstances to apprise interested parties." Minor, 228 F.3d at 358 (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). While Lewis asserts that he "just discovered" the seizure in December of 2005, his assertion is contradicted by his February 19, 2004, guilty plea in which he stipulated to the facts of the seizure. Stipulated Statement of Facts, p 3.  Lewis does not come to this equitable proceeding with "clean hands." See United States v. Parlavechio, 192 F. Supp. 2d 349, 352 (M.D. Pa. 2002) (refusing to exercise equitable jurisdiction over a motion for return of property because of movant's "unclean hands"). By evading authorities as a fugitive, Lewis actively impeded DEA efforts to provide him notice. Notably, Lewis fails to identify any location where he could have been served while a fugitive, nor claims that the government knew or could have reasonably ascertained his location. In light of Lewis's fugitive status, there was nothing else the DEA could have done to notify him of the pending forfeiture . Lewis's claim is equally unavailing under the statutory framework prescribed under CAFRA.

[9] The Court will deny the government's request to impose a civil fine pursuant to 18 U.S.C. § 983(h)(1).

## III. Conclusion

The Court will grant the government's Motion to Dismiss.  A separate Order follows.

Dated this _23rd_ day of _May_ 2007.

Benson Everett Legg
Chief Judge